**Patrick LAUGHLIN and Sally A. Laughlin, Plaintiffs, Appellants,**

v.

**Harry N. WALTERS, Defendant, Appellee.**

**No. 83–1306.**

United States Court of Appeals, First Circuit.

Argued Sept. 9, 1983.
Decided Oct. 13, 1983.

514

Thomas H. Kelley, Portland, Me., with whom Lucinda E. White, Portland, Me., was on brief, for plaintiffs, appellants.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief, for defendant, appellee.

\* Of the Seventh Circuit, sitting by designation.

Before COFFIN, Circuit Judge, FAIRCHILD\*, Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Appellants in this case are mortgagors who complain of the procedure used to foreclose the mortgage on their home. The mortgagee originally was the Maine Savings Bank. The Bank later assigned the mortgage to the Maine State Housing Authority, but the Bank continued to service the mortgage. The Veterans Administration guaranteed the mortgage loan and eventually received an assignment of the mortgage.

▮ The Bank and the Housing Authority foreclosed the mortgage under Maine statutes that require notice followed by a one-year "redemption" period, during which time the mortgagor remains in possession of the property. Me.Rev.Stat.Ann. tit. 14, §§ 6203–04. Unlike the plaintiffs in *Ricker v. United States,* 417 F.Supp. 133 (D.Me. 1976), the mortgagors here received adequate notice. The Bank, in its foreclosure notice, wrote:

> If you believe that this foreclosure action is not legally proper for any reason, you have the right and opportunity to bring legal proceedings which will provide you with a judicial hearing. You are cautioned that if you take no action within the one year period of redemption, you will lose your rights and interests in the mortgaged property....

Nothing in the record suggests that the mortgagors failed to understand this statement or that their failure to invoke their hearing rights stemmed from anything other than a realization that they were, in fact, in default.

▮ Moreover, given adequate notice, the statutory procedure is constitutionally sound. As we noted in *Fitzgerald v. Cleland,* 650 F.2d 360 (1st Cir.1981), the Maine foreclosure statute "does not allow a mortgagee to seize a mortgagor's property," *id.*

at 361, prior to a hearing. Rather, it begins the running of a one-year period during which time the mortgagor can obtain a judicial determination of the relevant legal and factual issues in dispute. There is no more reason here than in *Fitzgerald* to believe that the "preseizure" hearing that Maine provided was inadequate.

 Finally, appellants point out that neither Maine procedure nor Veterans Administration rules offered them a formal hearing solely for the purpose of appealing to the agencies' *discretion* not to invoke their legal right to foreclose. Rather, appellants had to rely upon informal means, such as letters and phone calls, to register any such appeal for "mercy." But courts, as well as poets, have recognized that the quality of mercy cannot be constrained— through formal hearings or otherwise. *Cf. Dixon v. Love,* 431 U.S. 105, 113–14, 97 S.Ct. 1723, 1727–1728, 52 L.Ed.2d 172 (1977) (no right to hearing to argue for leniency in license revocation). While a hearing may aid an agency in exercising *its* discretion, *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), it is not constitutionally required when a full judicial hearing is available prior to the deprivation of the individual's interest. Such a requirement would mistake the primary legal, or constitutional, purpose of the formal agency hearing, namely, to find the facts relevant to a determination of legal right so that both agency and court can assure the parties that the law had been properly applied. *Mackey v. Montrym,* 443 U.S. 1, 13, 99 S.Ct. 2612, 2618, 61 L.Ed.2d 321 (1979) (purpose of hearing is to minimize risk of erroneous decisions). Where, as here, the opportunity for such a hearing is given prior to seizure, the constitutional requirement that property not be taken without "due process of law" has been met. *See Fuentes v. Shevin,* 407 U.S. 67, 81–82, 92 S.Ct. 1983, 1994–1995, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 342, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969).

In sum, we see no reason to depart from our precedent, *Fitzgerald v. Cleland, supra,* when the facts are so very similar. The judgment of the district court is

*Affirmed.*